Hon Marsha J Pechman

ORIGINAL
CC TO JUDGE
FILED LODGED RECEIVED MAIL
JUL 18 2002
AT SEATTLE
CLERK US DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DIVISION OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MERCHANTS CREDIT CORPORATION,<br>    Plaintiff,<br>vs<br>JAMES F WALKER and ELLIE WALKER<br>    Defendants/Third<br>    Party Plaintiffs,<br>vs<br>GREAT-WEST LIFE & ANNUITY<br>INSURANCE COMPANY,<br>Defendants<br>    Third-Party Defendants | NO    C02-998P<br><br>JOINT STATUS REPORT<br>AND DISCOVERY PLAN |

Pursuant to the Court's Order dated June 8, 2002, the parties file with the Clerk of Court this joint status report

1   Nature and complexities of the case   The parties agree that this case is not complex Plaintiff Merchants Credit Corporation is the assignee for collection of the claim of Evergreen Healthcare   Plaintiff filed suit against Mr and Mrs Walker in King County District Court, Northeast Division, upon an unpaid principal balance of $17,928 26, for healthcare-related services   The Walkers answered, and brought in Great-West Life as a Third-Party Defendant, which then removed the state action to this Court

LAW OFFICES OF
ROBERT S. FRIEDMAN · 2245 152ND AVE NE · REDMOND, WA 98052
(425) 643-9520 · FAX (425) 643-8546





CV 02-00998 #00000008

2 Which ADR method should be used  Mediation

3. When mediation should take place  After the close of discovery

4 Proposed deadline for joining additional parties  Defendants and third party plaintiffs may add an additional party. A deadline for joining additional parties of October 18, 2002 is therefore suggested.

5 Proposed discovery plan·

A  FRCP conference was held July 2, 2002, and the parties anticipate that FRCP 26(a) disclosures will take place July 13, 2002

B  Plaintiff does not anticipate the need for much, if any, discovery  Defendant will conduct discovery directed at ascertaining violations by third-party defendant of the Washington Consumer Protection Act, the Washington Insurance Code and regulations  Third-party defendant will conduct discovery related to ERISA issues

C  None

D  Each party will be limited to three depositions, with possible need for interrogatories and requests for production of documents

E  None

6 Discovery Completion Date  March 31, 2003

7 Magistrate Judge or Judge  Judge

8 Bifurcation  No

9 LRCR 16 statements and pretrial order  Should be waived

10 Other suggestions for shortening case  None

11 Date ready for trial  May, 2003

12 Jury demand  Nonjury.

JOINT STATUS REPORT - 2

13. <u>Trial days</u> Two days maximum

14 <u>Names, addresses and telephone numbers of all trial counsel:</u>

    a  Plaintiff  Robert S Friedman, 2245 152nd Ave NE, Redmond, WA 98052, (425) 643-9520

    b.  Defendant: Scott C Breneman, c/o Breneman Law Firm, 1080 Broadacres Bldg, 1601 Second Ave, Seattle, WA 98101, (206) 224-1650

    c.  Third-Party Defendant: Bullivant/Houser/Bailey, P C, and Medora A Marisseau and Heidi M Eckel; 2400 Westlake Office Tower, 1601 Fifth Ave, Seattle, WA 989101-1618

15 <u>N/A</u>

16. <u>Scheduling conference desired:</u> No

                        Dated this 11th day of July, 2002

LAW OFFICES OF ROBERT S FRIEDMAN

*/s/ Robert S. Friedman*
ROBERT S FRIEDMAN, WSBA #1854
Attorney for plaintiff

BRENEMAN LAW FIRM

*/s/* — *per fax approval*
SCOTT C BRENEMAN, WSBA # 18486
Attorney for defendants / Third
Party Plaintiffs Walker

BULLIVANT/HOUSER/BAILEY PC

*/s/*           */s/ — per phone approval*
MEDORA A MARISSEAU, WSBA #23114 / HEIDI M ECKEL, WSBA # 31596
Attorneys for Third-Party Defendant Great-West Life & Annuity

JOINT STATUS REPORT - 3